UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE T BROWN,

 Plaintiff,

v.            Case No. 3:17cv691-MCR-HTC

CORPORAL JOE MAESTRO, et al.,

 Defendants.

_____/

## REPORT AND RECOMMENDATION

 This matter is before the Court on Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint (ECF Doc. 39), to which Plaintiff responded (ECF Doc. 41). For the reasons which follow, the Court finds that Plaintiff's Fourth Amended Complaint meets the pleading requirements of Federal Rules of Civil Procedure 8 and 10 and should not be dismissed.

## I. Background and Procedural History

 Plaintiff is an inmate of the Indiana penal system currently confined at Putnamville Correctional Facility in Greencastle, Indiana. ECF Doc. 28 at 2. However, Plaintiff was a pretrial detainee confined at the Bay County Jail in Panama City, Florida, at the time of the events giving rise to this lawsuit. *Id.* at ¶¶ 17 and 57. Plaintiff's claims are based on an alleged use of force incident that occurred at the Bay County Jail on October 31, 2015, and Plaintiff's arrest and criminal prosecution after he reported the incident. *Id.* at ¶¶ 17-58. The following allegations

are drawn from Plaintiff's fourth amended complaint and declaration in support (ECF Doc. 28) with exhibits (ECF Doc. 28-1).

### A.    The Use of Force

Plaintiff alleges that in the weeks leading up to October 31, 2015, he filed several grievances dealing with alleged medical mistreatment and negligence (ECF Doc. 28 at ¶¶ 19 & 21) and denial of access to legal materials (ECF Doc. 28 at ¶ 29). Plaintiff alleges that on October 31, 2015, at 9:30 p.m., he had a "verbal dispute" with Defendant Maestro because Plaintiff demanded to speak to Officer Jackson about access to his legal materials, but Maestro instead contacted Defendant Lilly. ECF Doc. 28 at ¶ 30.   Plaintiff became "upset" and "frustrated" that Maestro involved Lilly and expressed his frustration by continually knocking on his food flap. *Id.* at ¶ 33.   Plaintiff ceased knocking when he observed Lilly on the phone outside the unit, having surmised that Lilly was talking to Defendant Rigby, the Chief Security Officer.   *Id.*

After Lilly hung up, he came to Plaintiff's cell and asked what the problem was.   *Id.* at ¶ 34.   Plaintiff responded that he was trying to speak to Jackson about gaining access to his legal materials to prepare for a November 13, 2015, court hearing.   *Id.*  Lilly informed Plaintiff that he was wasting Lilly's time because Rigby already addressed Plaintiff's request for the material, and that Rigby authorized Lilly

to use force against Plaintiff if he failed to comply with orders to be quiet. *Id.* at ¶ 35.

Plaintiff responded that he would stop knocking on his food flap but would not stop complaining because it was his constitutional right to complain. *Id.* at ¶ 36. Lilly warned Plaintiff that if he was not quiet, Lilly would "shut [him] up". *Id.* at ¶ 37. Lilly then instructed Maestro to retrieve restraints. *Id.* When Maestro returned with restraints, Lilly called for Defendants Davis and Pucket to assist. *Id.* Lilly gave Plaintiff three verbal warnings to stop talking and, when Plaintiff continued "advising" Lilly of his constitutional rights, Lilly instructed Maestro, Davis and Pucket to enter Plaintiff's cell to restrain him. *Id.* at ¶ 38. The use of force was filmed by Defendant Officer Nelson. Pl. Decl., *Id.* at ¶ 53. [1]

When Lilly, Maestro, Davis and Pucket entered Plaintiff's cell, Plaintiff was seated on the floor wearing a shroud. *Id.* at ¶¶ 39-40. Maestro commanded Plaintiff multiple times to "stop resisting" (even though Plaintiff was not resisting). *Id.* at ¶ 41. Maestro then collapsed his "full weight" onto Plaintiff, removed Plaintiff's shroud (rendering him naked) and pinned Plaintiff on his stomach, with Lilly, Davis and Pucket's assistance. *Id.* at ¶¶ 40-42. Defendants Davis and Pucket began

---

[1]The Declaration in Support of Plaintiff's Complaint is part of ECF Doc. 28, beginning at PDF p. 17 of ECF Doc. 28.

shackling Plaintiff's legs while Lilly and Maestro pinned Plaintiff's arms behind his

back.  Pl. Decl. ECF Doc. 28 at ¶ 54.

During the shackling process, Maestro "sexually battered" Plaintiff as

follows:

> 43.  At the same time Plaintiff felt Defendant Maestro['s] hands resting
> on his buttocks which cause[d] him to become uncomfortable.
>
> 44.  The Plaintiff then felt Defendant Maestro['s] hands clutch his
> buttocks while he stated stop resisting in which the Plaintiff who was
> unable to resist because he was completely restrained
>
> 45.  The Plaintiff then felt Defendant Maestro['s] finger insert [into] his
> rectum which made him scream out in pain and yell for the Defendant
> to remove his finger form his rectum.
>
> 46.  Defendant Maestro ignored the Plaintiff's pleads and continued
> inserting his finger deeper into the Plaintiff's rectum.
>
> 47.  The Plaintiff yelled four or more times for the Plaintiff [sic] to
> remove his finger from his rectum and when the Defendant ignored his
> pleads [sic] and continue[d] sodomizing the Plaintiff he began yelling
> "rape" hoping to alert someone who could help him.

*Id.* at ¶¶ 43-47.

When Plaintiff yelled "rape", Lilly tried to suffocate him.  *Id.* at ¶¶ 48-49.

Plaintiff began to lose consciousness and tried to remove Lilly's hand, complaining

that he could not breathe.  *Id.* at ¶ 49.  Lilly then instructed Maestro, Davis and

Pucket to turn Plaintiff onto his back.  *Id.* at ¶ 51.  Lilly got on top of Plaintiff and

attempted to strangle and suffocate him again.  *Id.* at ¶¶ 51-52.  When Plaintiff

wrestled his mouth free, Lilly punched him in the face five times, stating "you brought this on yourself and next time keep your mouth shut." *Id.* at ¶ 53.  The alleged assault ceased when nurses entered the module.  *Id.*  Plaintiff was left naked and "hog-tied" in his cell for nine hours, forcing him to defecate and urinate on himself. *Id.* at ¶ 54.

At 6:30 a.m. the following morning, an officer removed the leg restraints.  Pl. Decl. ECF Doc. 28 at ¶ 70.  Upon using the toilet, Plaintiff discovered that he was bleeding from his rectum and was taken to the Bay County Medical Center.  *Id.* at ¶¶ 72-73.  Plaintiff was evaluated and returned to the Jail.  *Id.* at ¶ 73.

**B.    Legal Action Against Plaintiff for Reporting Incident**

After his return, Plaintiff was arrested by Defendant Delaney after Plaintiff attempted to file an internal affairs complaint with the Bay County Sheriff's Office. *Id.* at ¶ 56.  Delaney charged Plaintiff with "Giving a False Report of a Sexual Battery Involving a Law Enforcement Officer." *Id.* at ¶ 57.  Based on this charge, Plaintiff's bond was revoked, and he was incarcerated at the Bay County Jail until September 7, 2016. *Id.*  This charge was eventually dismissed. *Id.* at ¶ 58.

**C.    Claims for Relief in the Fourth Amended Complaint**

Plaintiff asserts five counts against Defendants.  In Count I, Plaintiff names only Defendant Maestro and alleges a violation of the Eighth Amendment and

"Florida State Tort of sexual assault, assault and battery and intentional infliction of Emotional Distress." *Id.* at ¶ 60.

In Count II, Plaintiff charges that he was "Denied Due Process of Law Under the Fourteenth Amendment." *Id.* at 14. He charges that Maestro violated this right by using excessive force by sodomizing the Plaintiff without provocation. He also charges Maestro with violation of "Florida state tort of sexual battery and intentional infliction of emotional distress." *Id.* at ¶ 62. He charges Defendants Rigby, Lilly, Davis and Pucket "violated Plaintiff's Fourteenth Amendment right to Due Process by authorizing and using Excessive Force", etc. *Id.* at ¶ 63. He also charges them with violations of "Florida State tort of assault and battery and intentional infliction of emotional distress." *Id.* at ¶ 63.

In Count III, Plaintiff charges Defendants Davis, Pucket and Nelson with failing to intervene in the above charged excessive force. *Id.* at ¶ 65. He also charges them with violations of "Florida State tort of sexual assault, assault and battery and intentional infliction of emotional distress." *Id.* at ¶ 63.

In Count IV, Plaintiff charges Rigby, Lilly and Delaney with violating Plaintiff's First Amendment right by "retaliating against the Plaintiff when he endeavor[ed] to file a grievance and internal affair complaint concerning his legal material and the abuse he suffer on October 31, 2015, and contributed to and

proximately cause[d] the above described violation of the First Amendment." *Id.* at ¶ 67.

In Count V, Plaintiff charged Defendant Delaney with violating his Fourth Amendment rights by falsely arresting the Plaintiff without probable cause and causing his bond to be revoked. *Id.* at ¶ 71. He also alleged violations of "Florida State Tort of False Imprisonment and Malicious Prosecution." *Id.*

### D.    Relief Requested in Fourth Amended Complaint

Plaintiff sought an injunction against Delaney (1) to preserve all evidence relating to the case, and (2) to "Expunge and seal the charge of Giving a False Report of a Sexual Battery involving a LEO." ECF Doc. 28 at § VII. He sought compensatory damages of $500,000 against Pucket, Davis and Nelson for their failure to intervene; $1,000,000 against Rigsby, Lilly and Maestro for sexual abuse and excessive force and intentional infliction of emotional distress; $1,000,000 from Rigby, Lilly and Delaney for "the retaliation which resulted in the Plaintiff's physical and emotional injuries sustained from the retaliation"; and $1,000,000 from Delaney for falsely arresting and imprisoning him and malicious prosecution. *Id.* Plaintiff seeks punitive damages of $1,000,000 each, against all Defendants except Delaney.

## II.    Discussion

Defendants moved to dismiss the complaint or for a more definite statement. ECF Doc. 39.  In the motion, the Defendants complain that the Fourth Amended Complaint is vague and ambiguous, fails to identify which party is responsible for which conduct and renders Defendants "unable to properly respond to the Complaint in the manner required by Fed. R. Civ. P. 8(b)."  *Id.* at 2-3.

### A.    <u>Legal Standards</u>

Federal Rules of Civil Procedure 8 and 10 require that all pleadings include "short and plain" statements of a pleader's claim set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 8(a), 10(b); *see also Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014). Allegations must be "simple, concise, and direct", Fed. R. Civ. P. 8(d)(1), and pleaders should not use mere labels, legal conclusions or formulaic recitation of the legal elements of a claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a viable pleading must provide factual allegations sufficient to "state a claim for relief that is plausible on its face."  *See id.* at 557 (noting that a pleading is deficient if it tenders "naked assertions" without "factual enhancement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009).

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted).

When a pleader "fails to follow Rules 8 and 10," the resulting pleading "may be classified as a shotgun pleading." *Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014); *see Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates "either Rule 8(a)(2) or Rule 10(b), or both". Shotgun pleadings take many forms, including the failure to plead "discrete claims" in "separate counts." *See Lacroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015); *Kennedy v. Bell S. Telecomm., Inc.  AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing

a "one-claim-per-count rule" under Rule 10(b)); *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump "claims together in one count"); *see also zIT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012-Orl-37KRS, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (dismissing complaint in patent action where plaintiff lumped direct and indirect infringement claims together in a single count).

### B.    <u>Application to the Instant Case</u>

The Defendants complain that the Fourth Amended Complaint consists of "23 pages of a far-ranging narrative containing legal conclusions, random assertions of bad actions, and convoluted allegations of violations of federal and state claims." ECF Doc. 39 at 1.

The Court does not agree.  As set out above, the Plaintiff's Fourth Amended Complaint sets out a linear narrative: (1) he filed various grievances regarding his medical care and access to legal materials, (2) the officers allegedly attacked him in retaliation for the grievances even though he posed no threat, (3) the officers allegedly used excessive force, including alleged sodomization by one of them, (4) Plaintiff attempted to bring an internal affairs investigation regarding the incident; and (5) an investigating officer retaliated by filing false charges against Plaintiff which were eventually dismissed.  This straight-forward narrative is neither

convoluted nor far-ranging and suffices to put the Defendants on notice of the claims against them.  Fed. R. Civ. P. 8.

Second, the Defendants claim that "the Plaintiff failed to divide the Complaint into identifiable, individual counts, directed to specific Defendants. Instead, the Defendant lumped multiple Defendants into each count, while attributing a variety of different federal and state law claims beneath an over-arching heading."  ECF Doc. 39 at 2.  Thus, Defendants claim to be:

> presently unable to separate and respond to – let alone identify – which of the seven Defendants are alleged to have violated which federal or state claims, and which set of facts each Defendant and corresponding federal or state claim relates back to. The Plaintiff has failed to readily identify the individual causes of actions and the respective elements, forcing the Defendants to engage in the impossible act of discerning what actions the Plaintiff is attempting to assert and against whom.

*Id.* at 3.

Again, the Court disagrees.  The fact that the Counts are arranged by legal theory rather than by Defendant does not render the complaint so confusing as to violate the "one-claim-per-count rule" of Federal Rule of Civil Procedure 10(b).  As Plaintiff explains in his response, each Defendant is placed with other Defendants in a certain count based on the legal theory of that count applying to that Defendant. ECF Doc. 41.  Indeed, in his response, Plaintiff was able to explain what charges

were being brought against each Defendant and what conduct by each underlies each

charge. *Id.* Also, in response to the only specific question posed by Defendants,

Plaintiff clarifies that Sgt. Pucket is being sued in his individual capacity. *Id.* at ¶

18. The description of him being sued in his "individual official capacity" was

merely a typo, according to Plaintiff. *Id.* For the above reasons, the

motion to dismiss or for more definite statement is due to be denied.

Accordingly, it is respectfully RECOMMENDED that:

1.    The motion to dismiss (ECF Doc. 39) be DENIED.

2.    Defendants be ordered to answer the Fourth Amended Complaint.

DONE AND ORDERED this 3rd day of April 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.